FILED BY \_\_\_mml\_\_\_ D.C.

Aug 24, 2022

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - Miami

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-20392-CR-WILLIAMS/MCALILEY

18 U.S.C. § 922(a)(6)
18 U.S.C. § 924(d)(1)

UNITED STATES OF AMERICA

vs.

LARRY BURROWS,

       Defendant.
_____/

## INDICTMENT

The Grand Jury charges that:

### COUNT 1
### False Statement During a Firearms Purchase
### (18 U.S.C. § 922(a)(6))

On or about October 8, 2021, in Miami-Dade County, in the Southern District of Florida, the defendant,

**LARRY BURROWS,**

in connection with the acquisition of firearms from a federally licensed firearms dealer, that is, Miami Police Depot, Inc., did knowingly aid, abet, counsel, command, induce, procure, and willfully cause another person, that is, Individual 1, to knowingly make a false and fictitious written statement in Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, which was intended and likely to deceive the dealer with respect to any fact material to the lawfulness of the acquisition of said firearms, in that Individual 1 represented that Individual 1 was the actual buyer of the firearms, when in truth and in fact, and as Individual 1 then and there well knew, Individual

1 was acquiring the firearms on behalf of defendant **LARRY BURROWS**, in violation of Title 18, United States Code, Sections 922(a)(6) and 2.

It is further alleged that the firearms were:

- One (1) Taurus G2C, 9mm, bearing serial number ACH194242;
- One (1) Taurus G2C, 9mm, bearing serial number ACH194221;
- One (1) Taurus G2C, 9mm, bearing serial number ACH194253;
- One (1) Taurus G2C, 9mm, bearing serial number ACH196352;
- One (1) Taurus G2C, 9mm, bearing serial number ACH196683; and
- One (1) Taurus G2C, 9mm, bearing serial number ACH196638.

## COUNT 2
### False Statement During a Firearms Purchase
### (18 U.S.C. § 922(a)(6))

On or about October 9, 2021, in Miami-Dade County, in the Southern District of Florida, the defendant,

**LARRY BURROWS,**

in connection with the acquisition of firearms from a federally licensed firearms dealer, that is, Miami Police Depot, Inc., did knowingly aid, abet, counsel, command, induce, procure, and willfully cause another person, that is, Individual 1, to knowingly make a false and fictitious written statement in Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, which was intended and likely to deceive the dealer with respect to any fact material to the lawfulness of the acquisition of said firearms, in that Individual 1 represented that Individual 1 was the actual buyer of the firearms, when in truth and in fact, and as Individual 1 then and there well knew, Individual 1 was acquiring the firearms on behalf of defendant **LARRY BURROWS**, in violation of Title 18, United States Code, Sections 922(a)(6) and 2.

2

It is further alleged that the firearms were:

- One (1) Taurus G2C, 9mm, bearing serial number ACH194232;
- One (1) Taurus G2C, 9mm, bearing serial number ACH194306;
- One (1) Taurus G2C, 9mm, bearing serial number ACH194292;
- One (1) Taurus G2C, 9mm, bearing serial number ACH194298;
- One (1) Taurus G2C, 9mm, bearing serial number ACH194300; and
- One (1) Taurus G2C, 9mm, bearing serial number ACH194294.

## COUNT 3
### False Statement During a Firearms Purchase
### (18 U.S.C. § 922(a)(6))

On or about October 14, 2021, in Miami-Dade County, in the Southern District of Florida, the defendant,

**LARRY BURROWS,**

in connection with the acquisition of firearms from a federally licensed firearms dealer, that is, Miami Police Depot, Inc., did knowingly aid, abet, counsel, command, induce, procure, and willfully cause another person, that is, Individual 1, to knowingly make a false and fictitious written statement in Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, which was intended and likely to deceive the dealer with respect to any fact material to the lawfulness of the acquisition of said firearms, in that Individual 1 represented that Individual 1 was the actual buyer of the firearms, when in truth and in fact, and as Individual 1 then and there well knew, Individual 1 was acquiring the firearms on behalf of defendant **LARRY BURROWS**, in violation of Title 18, United States Code, Sections 922(a)(6) and 2.

It is further alleged that the firearms were:

- One (1) Taurus G2C, 9mm, bearing serial number ACH196330; and
- One (1) Palmetto State pistol, Armory PA-15, bearing serial number SCD748689.

3

## FORFEITURE ALLEGATIONS

1. The allegations of this Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendant, **LARRY BURROWS**, has an interest.

2. Upon conviction of a violation of Title 18, United States Code, Section 922, or any other criminal law of the United States, as alleged in this Indictment, the defendant shall forfeit to the United States any firearm involved in or used in the commission of such offense, pursuant to Title 18, United States Code, Section 924(d)(1).

All pursuant to Title 18, United States Code, Section 924(d)(1), and the procedures set forth at Title 21, United States Code, Section 853, as incorporated by Title 28, United States Code, Section 2461(c).

A TRUE BILL



FOREPERSON

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

(Ajay Alexander) for
BROOKE ELISE LATTA
ASSISTANT UNITED STATES ATTORNEY

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

LARRY BURROWS,

_____/

CASE NO.:

**CERTIFICATE OF TRIAL ATTORNEY***

**Superseding Case Information:**

**Court Division** (select one)
- ☑ Miami   ☐ Key West   ☐ FTP
- ☐ FTL     ☐ WPB

New Defendant(s) (Yes or No)
Number of New Defendants
Total number of New Counts

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. §3161.

3. Interpreter: (Yes or No) No
   List language and/or dialect:

4. This case will take  2  days for the parties to try.

5. Please check appropriate category and type of offense listed below:
   (Check only one)                    (Check only one)
   I    ☑ 0 to 5 days                  ☐ Petty
   II   ☐ 6 to 10 days                 ☐ Minor
   III  ☐ 11 to 20 days                ☐ Misdemeanor
   IV   ☐ 21 to 60 days                ☑ Felony
   V    ☐ 61 days and over

6. Has this case been previously filed in this District Court? (Yes or No) No
   If yes, Judge                              Case No.
7. Has a complaint been filed in this matter? (Yes or No) No
   If yes, Magistrate Case No.
8. Does this case relate to a previously filed matter in this District Court? (Yes or No) Yes
   If yes, Judge Dimitrouleas            Case No. 22-CR-60055-WPD
9. Defendant(s) in federal custody as of
10. Defendant(s) in state custody as of
11. Rule 20 from the            District of
12. Is this a potential death penalty case? (Yes or No) No
13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) No
14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss? (Yes or No) No

By: _____
BROOKE ELISE LATTA
Assistant United States Attorney
FLA Bar No.   105315

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name**: LARRY BURROWS

**Case No**: _____

Counts # 1-3

False Statement During a Firearms Purchase

Title 18, United States Code, Section 922(a)(6)
* **Max. Term of Imprisonment:** 10 Years' Imprisonment
* **Mandatory Min. Term of Imprisonment (if applicable):** NA
* **Max. Supervised Release:** 3 Years' Supervised Release
* **Max. Fine:** $250,000 Fine

*Refers only to possible term of incarceration, supervised release and fines.  It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.